UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 05-90056 |
| | : | CHAPTER 11 |
| EUGENE C. BUZZEO and JANET N. | : | |
| BUZZEO, DEBTORS | : | |
| | : | |
| GEOFFREY TODD HODGES, AS | : | ADVERSARY NO. 06-1088 |
| TRUSTEE OF THE FRANK | : | |
| MUSOLINO, JR. IRREVOCABLE | : | |
| TRUST and GEOFFREY TODD | : | |
| HODGES, AS TRUSTEE OF THE | : | |
| ASHLEY MARIE MUSOLINO | : | |
| IRREVOCABLE TRUST, Movants | : | |
| vs. | : | |
| EUGENE C. BUZZEO and JANET N. | : | |
| BUZZEO, Respondents | : | |

APPEARANCES:

DONALD R. CALAIARO, ESQ., PITTSBURGH, PA, ATTORNEY FOR DEBTORS
GEOFFREY TODD HODGES, ESQ., LUTZ, FL, ATTORNEY FOR PLAINTIFFS

WARREN W. BENTZ, U.S. BANKRUPTCY JUDGE

MAY 15, 2007

OPINION

I. Introduction.

Eugene C. Buzzeo ("Eugene" or "Buzzeo") and Janet N. Buzzeo ("Janet") or (Eugene and Janet collectively, the "Debtors") filed a voluntary Petition under Chapter 11 of the Bankruptcy Code on December 5, 2005 (the "Filing Date").

Before the Court is a Motion for Summary Judgment on Count I of a Complaint filed by Geoffrey Todd Hodges, as Trustee of the Frank Musolino, Jr. Irrevocable Trust and Geoffrey Todd Hodges, as Trustee of the Ashley Marie Musolino Irrevocable Trust (collectively, the

1

"Trusts" or the "Plaintiffs"). In Count I, the Plaintiffs seek a determination that the debts owed to them by the Debtors are nondischargeable pursuant to 11 U.S.C. § 523(a)(19)[1].

## II. Summary Judgment Standard.

Fed.R.Civ.P. 56(c) made applicable to these proceedings pursuant to Fed.R.Bankr.P. 7056, provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law." Pearson v. Component Tech. Corp., 147 F3d 471, 482 n.1 (3d Cir. 2001) citing Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## III. Factual Background.

At all times material to the allegations of the Complaint, Buzzeo was a director and officer of Buzzeo, Inc., an Arizona corporation (the "Corporation"). The Corporation was engaged in the business of software development.

On May 5, 2000, Buzzeo sold stock of the Corporation to the Plaintiffs. On or about February 23, 2001, Plaintiffs filed a lawsuit against Buzzeo in the Florida State Court for fraud in the inducement (Count I), violation of the Florida Securities and Investor Protection Act (Count II), and breach of warranty (Count III). Janet was not named as a Defendant in the Complaint. Buzzeo removed the case to the United States District Court for the Middle District of Florida, Tampa Division (the "District Court"). On June 5, 2002, the Plaintiffs, Buzzeo and Janet entered into a Settlement Agreement. The Settlement Agreement provides in part:

---

[1] All references to Code sections are to Title 11 of the United States Code unless otherwise indicated.

1. RESOLUTION OF THE LAWSUIT.

(a) Within three (3) business days of the execution of this SETTLEMENT AGREEMENT, the TRUSTS and BUZZEO shall file with the COURT a Stipulation voluntarily dismissing with prejudice Count II (Violation of Florida Securities Act) and Count III (Breach of Contractual Representations and Warranties) of the TRUSTS' Complaint, voluntarily dismissing with prejudice BUZZEO's Counterclaims asserted in the LAWSUIT, and stipulating to the entry of judgment in the amount of $1,500,000.00 (one million five hundred thousand dollars) on Count I of the Complaint filed by the TRUSTS in the LAWSUIT (the "JUDGMENT"), in the form attached hereto as Exhibit A.

(b) The TRUSTS and BUZZEO intend for the JUDGMENT to be a final adjudication of claims asserted by the TRUSTS in Count I of the Complaint. BUZZEO does not admit the allegations of Count I; however, he agrees not to contest those allegations so that the JUDGMENT may be entered without the necessity of introducing evidence or the conduct of a trial. BUZZEO agrees and intends that the JUDGMENT debt will be a non-dischargeable debt, pursuant to 11 U.S.C. § 523(a)(2) in the event of a bankruptcy, or in any similar proceeding. BUZZEO further agrees and intends that in any subsequent proceeding to which the TRUSTS and BUZZEO are parties, all of their allegations as set forth in Count I may be taken as true and correct without further proof by the TRUSTS. As such, BUZZEO agrees and intends that the stipulated JUDGMENT will collaterally estop him from re-litigating with the TRUSTS, in any forum, the issues asserted in Count I of the Complaint.

Pursuant to the Settlement Agreement, District Court entered a judgment for $1,500,000 against Buzzeo only. The Settlement Agreement required Debtors to make payment of $1,500,000, plus interest, not later than December, 2002. Debtors failed to make payment.

On March 5, 2004, the parties amended the Settlement Agreement by letter which provides, in relevant part:

> This will confirm a final monetary settlement between [Plaintiffs] and Eugene and Janet Buzzeo, pursuant to which Mr. and Mrs. Buzzeo will pay [the Plaintiffs] the sum of $1,650,000 on or before June 8, 2004 . . ..

3

Debtors again failed to make payment and on August 25, 2004 the parties entered into a Supplement to Settlement Agreement to provide Buzzeo and Janet an additional forbearance period in exchange for an agreed payment of $2,025,000 by October 15, 2004, or $2,000,000 if paid by September 8, 2004.  Buzzeo and Janet further agreed that in the event of further default, the Trusts were entitled to the immediate entry of an agreed form of Supplemental Judgment.

On October 21, 2004, a new Complaint for Breach of Contract, with both Buzzeo and Janet named as defendants, was initiated in the District Court.  The District Court entered the Supplemental Judgment in the new case.  The Supplemental Judgment provides, in part:

> That the Plaintiffs, Geoffrey Todd Hodges, as Trustee of the Frank Musolino, Jr. Irrevocable Trust u/t/d/ 10/6/97, and as Trustee of the Ashley Marie Musolino Irrevocable Trust u/t/d 10/6/97, recover of the Defendants, Eugene C. Buzzeo and Janet N. Buzzeo, jointly and severally, the sum of five hundred twenty-five thousand dollars ($525,000) and shall recover from Janet N. Buzzeo the sum of one million five hundred thousand dollars ($1,500,000), with interest thereon at the rate of 7% as provided by law.

IV.  Count I of the Objection to Discharge.

Plaintiffs assert that the obligations of Buzzeo and Janet are nondischargeable pursuant to § 523(a)(19) because the debts owed Plaintiff "are for common law fraud in connection with the sale of a security and result from judgments entered in federal court proceedings and settlement agreements entered into by the debtors."

Debtors deny that the Bankruptcy Code has a § 523(a)(19) exception to discharge. Debtors further assert:

> The [Debtors] did not commit common law fraud nor did they misrepresent any material fact to the Plaintiffs.  Janet Buzzeo had no contact with the Plaintiffs prior to the sale of the stock.  Only Eugene Buzzeo owned the stock sold to the Plaintiffs.  Any reliance by the Plaintiffs was not reasonable nor was [sic] they justified.  The Plaintiffs received full value for their investment when they converted their stock or when they enforced their lien rights.

4

V.  Section 523(a)(19).

Section 523(a)(19) was added to the Bankruptcy Code by § 803 of the Corporate and Criminal Fraud Accountability Act of 2002 (Pub. L. No. 107-204)[2] (the "Accountability Act"). According to legislative history, the purpose of § 523(a)(19) was to protect investors:

> Current bankruptcy law may permit such wrongdoers to discharge their obligations under court judgments or settlements based on securities fraud and other securities violations.
>
> This loophole in the law should be closed to help defrauded investors recoup their losses and to hold accountable those who violate securities laws after a government unit or private suit results in a judgment or settlement against the wrongdoer.

In re Gibbons, 289 B.R. 588, 592 (Bankr. S.D. NY 2003), aff'd., 311 B.R. 402 (S.D. NY 2004), aff'd., 155 Fed. Appx. 534 (2nd Cir. 2005) quoting S. Rep. No. 107-146 (2002).

Section 523(a)(19) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 to indicate that it applies to such debts that result: "before, on, or after the date on which the petition was filed."

As amended, § 523(a)(19) provides that an individual is not discharged of any debt:

> (19) that –
>
>   (A) is for –
>
>     (i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
>
>     (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
>
>   (B) results, before, on, or after the date on which the petition was filed, from –
>
>     (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;

---

[2] The Corporate and Criminal Fraud Accountability Act of 2002 is Title VIII of the Sarbanes-Oxley Act of 2002.

5

>            (ii) any settlement agreement entered into by the debtor;
> or . . ..

11 U.S.C. § 523(a)(19).

> Section 523(a)(19) makes a debt non-dischargeable if two conditions are met: (1) the debt is for the violation of certain federal securities laws, state securities laws or regulations under the federal or state securities laws or is for common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and (2) the debt results from a judgment, order, consent order or decree in a federal or state judicial or administrative proceeding or any settlement agreement entered by the debtor or any court or administrative order for the payment of damages, a fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost or other payment owed by the debtor.

In re Whitcomb, 303 B.R. 806, 810 (Bankr. N.D. IL 2004)

## VI.  Discussion.

(a)    Eugene Buzzeo.

On February 23, 2001, Plaintiffs sued Buzzeo in the Florida State Court.  Buzzeo removed the case to the District Court (the "Litigation").  The Plaintiffs' allegations in the Litigation included common law fraud claims and violations of securities laws.  Buzzeo actively participated in the litigation and on June 5, 2002, executed a Settlement Agreement in resolution of the Litigation.  Buzzeo stipulated to the entry of judgment in the amount of $1,500,000 on Count I of the Complaint, which alleged fraud in the Inducement.  Pursuant to the Settlement Agreement, the District Court entered judgment against Buzzeo.

When Buzzeo failed to make payment when due, the Settlement was amended on two occasions to increase the amounts due and to allow Buzzeo more time to satisfy the judgment.

Debtors assert that the Settlement Agreement constitutes a novation of the Plaintiffs' original common law fraud claims and transfers the original, potentially nondischargeable claim

6

based on common law fraud in connection with the sale of securities into a dischargeable contractual claim.

The United States Supreme Court in Archer v. Warner, 538 U.S. 314, 123 S. Ct. 1462 (2003) held that a settlement or stipulated judgment reducing a previous claim for fraud into a monetary obligation without a specific finding of fraud can continue to be barred from discharge under 11 U.S.C. § 523. In Archer, the debtors sold a company to the creditors, and the creditors sued the debtors for fraud in connection with the sale. The parties settled the lawsuit. However, when the debtors failed to make payments under the settlement agreement and filed for bankruptcy, the creditors asserted that the debt was nondischargeable under § 523(a)(2)(A). The issue was whether the settlement agreement was a novation of the original debt for money obtained by fraud, with the novation negating the fraud claim. The Supreme Court held that the entire settlement debt was nondischargeable under § 523(a)(2)(A), even though the parties had executed a settlement agreement. As long as the creditor is able to prove that the debtor fraudulently took something of value, such as money, property, or services from the creditor, then any damages resulting from that fraud are nondischargeable under Section 523(a)(2)(A).

The Bankruptcy Code requires that courts look behind a settlement agreement to determine if the debt was originally the product of fraud. Archer, 538 U.S. at 320-21.

The Settlement Agreement does not preclude our examination into the underlying facts to determine whether Plaintiffs' claims are nondischargeable under § 523(a)(19). The underlying facts reflect that the obligation arises from common law fraud in connection with the sale of a security and the debt results from a settlement agreement entered by Buzzeo and a judgment order in the District Court.

Buzzeo has not demonstrated that any genuine issue for trial exists. For the reasons stated above, § 523(a)(19) is applicable and Buzzeo's debt to the Plaintiffs is nondischargeable.

(b)  <u>Janet Buzzeo</u>.

Janet was not a party to the litigation in the District Court. She was not named as a defendant. She did however, join as a party to the Settlement Agreement.

In the AFFIDAVIT OF GEOFFREY TODD HODGES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON COUNT I OF COMPLAINT, Hodges states, in part:

> 14. I learned that during 1999 and 2000, a company called "Pazona Technologies" had sold hundreds of thousands of shares of Buzzeo, Inc. stock to dozens of investors in the Tampa Bay area, in other parts of the country, and overseas. Pazona had received millions of dollars from those stock sales. I then learned that Pazona Technologies had paid nothing for its Buzzeo, Inc. stock. I investigated further. I learned that Pazona Technologies was represented by two residents of Tampa, who were acting as the purported sellers of the stock. They had told the purchasers and the employees of Buzzeo, Inc. that one of them was involved in a divorce and was trying to liquidate his stock as part of that process. In May 2002, I learned that Pazona Technologies was actually a corporation affiliated with Eugene and Janet Buzzeo. They were secretly selling their personal stock through Pazona and through third parties for millions of dollars. They had taken extraordinary steps to hide their identity and involvement in those sales from unsuspecting investors, including me, and from the employees of Buzzeo, Inc.
>
> 15. In early June 2002, before the start of a scheduled deposition in Tampa in the First Lawsuit, I confronted Mr. Buzzeo and his counsel with the foregoing facts and numerous other indicia of the fraud at Buzzeo, Inc. I explained that the Trusts' counsel was preparing to add several counts to the First Lawsuit, to add Mrs. Buzzeo as a party based on her activities and involvement with Pazona Technologies, and to add several million dollars of claims to recoup the Trusts' and their affiliates' direct investments into Buzzeo, Inc.

8

> 16.  Settlement discussions immediately commenced. Those culminated in the execution of a Settlement Agreement, dated June 5, 2002 (the "Settlement Agreement") . . ..

Nothing in the Settlement Agreement indicates that Janet committed any wrongdoing. She, along with Buzzeo, did agree to make payment to the Plaintiffs. Pursuant to the Settlement Agreement, the District Court entered judgment against Buzzeo in the amount of $1,500,000. Janet was not a party to the Litigation and judgment was not entered against her.

The Settlement Agreement was amended by letter and by Supplement to increase the amounts owed and to extend the time for Buzzeo and Janet to make payment. Although Janet agreed to liability for the obligation, neither document reflected any indication or admission of wrongdoing by Janet.

Buzzeo and Janet did not comply with the Settlement Agreement and Supplement. On October 19, 2004, a new lawsuit was initiated in the District Court at Case No. 8:04-CV-02297-RAL-MAP, for the filing of a COMPLAINT FOR BREACH OF CONTRACT with both Buzzeo and Janet named as defendants (the "Second Lawsuit"). The Plaintiffs alleged damages from the breach of the Settlement Agreement and Supplement. Buzzeo and Janet admitted the allegations of the Complaint and the parties filed a Stipulation and Joint Motion for Entry of Judgment.

The Stipulation in the Breach of Contract action provides:

> HODGES, BUZZEO and JANET stipulate to entry of judgment in favor of HODGES on the complaint against BUZZEO and JANET in the amount of five hundred twenty-five thousand dollars ($525,000) against BUZZEO AND JANET, jointly and severally, and in the amount of one million five hundred thousand dollars ($1,500,000) against JANET.

The District Court entered judgment in the Second Lawsuit on October 21, 2004. The Judgment Order carries the case number of the Second Lawsuit, but is erroneously captioned with Buzzeo only named as Defendant. The Judgment Order provides, in part:

9

>That the Plaintiffs, Geoffrey Todd Hodges, as Trustee of the Frank
>Musolino, Jr. Irrevocable Trust u/t/d 10/6/97, and as Trustee of the
>Ashley Marie Musolino Irrevocable Trust u/t/d 10/6/97, recover of
>the Defendants, Eugene C. Buzzeo and Janet N. Buzzeo, jointly
>and severally, the sum of five hundred twenty-five thousand
>dollars ($525,000) and shall recover from Janet N. Buzzeo the sum
>of one million five hundred thousand dollars ($1,500,000), with
>interest thereon at the rate of 7% as provided by law.

We find that Plaintiffs are not entitled to Summary Judgment against Janet. Janet was not a party to the original District Court lawsuit which alleged common law fraud against Buzzeo and resulted in the Settlement Agreement and the Second Lawsuit that followed. Even accepting the allegation of Hodges' affidavit as true and unrebutted, we find that there is an insufficient factual record to enable the Court to conclude that Janet's obligation to the Plaintiffs is a debt for violation of securities law or for common law fraud, deceit, or manipulation in connection with the sale of securities. The Second Lawsuit was a breach of contract action and not an action sounding in fraud.

Summary Judgment will be refused as to Plaintiffs' claims against Janet.

An appropriate Order will be entered.


        /s/ Warren W. Bentz
        Warren W. Bentz
        United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 05-90056 |
| | : | CHAPTER 11 |
| EUGENE C. BUZZEO and JANET N. BUZZEO, DEBTORS | : : : | |
| GEOFFREY TODD HODGES, AS TRUSTEE OF THE FRANK MUSOLINO, JR. IRREVOCABLE TRUST and GEOFFREY TODD HODGES, AS TRUSTEE OF THE ASHLEY MARIE MUSOLINO IRREVOCABLE TRUST, Movants | : : : : : : : : | ADVERSARY NO. 06-1088 |
| vs. | : | |
| EUGENE C. BUZZEO and JANET N. BUZZEO, Respondents | : : | |

## **ORDER**

This 15th day of May, 2007, in accordance with the accompanying Opinion, it shall be, and hereby is ORDERED as follows:

1. The Motion for Summary Judgment as to Count I of the Complaint filed by Geoffrey Todd Hodges, as Trustee of the Frank Musolino, Jr. Irrevocable Trust and Geoffrey Todd Hodges, as Trustee of the Ashley Marie Musolino Irrevocable Trust is GRANTED as to Defendant Eugene C. Buzzeo and the obligations of Eugene C. Buzzeo to the Plaintiffs shall not be discharged in this bankruptcy case.

2. The Motion for Summary Judgment as to Count I of the Complaint filed by Geoffrey Todd Hodges, as Trustee of the Frank Musolino, Jr. Irrevocable Trust and Geoffrey Todd Hodges, as Trustee of the Ashley Marie Musolino Irrevocable Trust is REFUSED as to Defendant Janet N. Buzzeo.

3. Discovery is open as to the claims against Janet N. Buzzeo.

4.  A status conference is fixed for June 11, 2007 at 3:00 p.m., in the U.S. Courthouse, Bankruptcy Courtroom, 17 South Park Row, Erie, PA.  Only 10 minutes have been reserved on the Court's calendar.  All parties may participate by telephone pursuant to instructions on the Court's website.

5.  An evidentiary hearing is fixed for July 11, 2007 beginning at 10:00 a.m. and July 12, 2007 beginning at 9:00 a.m., in the U.S. Courthouse, Bankruptcy Courtroom, 17 South Park Row, Erie, PA.  Parties shall provide, for the Court's use, two copies of any exhibits presented at the evidentiary hearing or trial, one each for the Court and the law clerk.

/s/ Warren W. Bentz
Warren W. Bentz
United States Bankruptcy Judge